Clifford P. Bendau, II (030204)
THE BENDAU LAW FIRM PLLC
6350 East Thomas Road, Suite 330
Scottsdale, Arizona 85251
Telephone: (480) 296-7887
Facsimile: (480) 429-3679
Email: cliffordbendau@bendaulaw.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

Nicole Spreitzer,

                    Plaintiff,

vs.

Stingers Double D, LLC, Dale Hanson, and
Dana Hanson,

                    Defendants.

No. _____

**COMPLAINT**

COMES NOW Plaintiff, Nicole Spreitzer ("Plaintiffs"), individually, by and through the undersigned attorney and sue the Defendants, Stingers Double D, LLC, Dale Hanson, and Dana Hanson (collectively, "Defendants"), and Plaintiff alleges as follows:

**PRELIMINARY STATEMENT**

1.    This is an action for unpaid wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b).

2.    The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees an overtime rate of pay for all time spent working in excess their regular 40 hour workweeks. See 29

U.S.C. § 207(a). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40 hour workweeks. <u>See</u> 29 U.S.C. § 206(a). The FLSA's definition of the term "wage," in turn, recognizes that under certain circumstances, an employer of tipped employees may credit a portion of its employees' tips against its minimum wage obligation, a practice commonly referred to as taking a "tip credit." <u>See id</u>. § 203(m).

## JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. This civil action arises under the Constitution and law of the United States.

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

3.      At all material times, Plaintiff is an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

4.      At all material times, Defendant Stingers Double D, L.L.C. was a limited liability company duly licensed to transact business in the State of Arizona. Defendant Stingers Double D, L.L.C. does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

5.     At all relevant times, Plaintiff was an employee of Stingers Double D, L.L.C. At all relevant times, Defendant Stingers Double D, L.L.C., acting through its agents, representatives, employees, managers, members, and/or other representatives had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendant Stingers Double D, L.L.C. In any event, at all relevant times, Defendant Stingers Double D, L.L.C. was an employer subject to the Fair Labor Standards Act (FLSA) and employed Plaintiff.

6.     At all relevant times, Defendant Dale Hanson owns, operates as a manager of, operates as a member of, and/or possesses a similar interest in Stingers Double D, L.L.C. At all relevant times, Defendant Dale Hanson had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's Employment with Stingers Double D, L.L.C. In any event, at all relevant times, Defendant Dale Hanson was an employer subject to the FLSA and employed Plaintiff.

7.     Upon information and belief, Defendant Dale Hanson was and continues to be a resident of Maricopa County, Arizona.

8.     At all relevant times, Defendant Dana Hanson owns, operates as a manager of, operates as a member of, and/or possesses a similar interest in Stingers Double D, L.L.C. At all relevant times, Defendant Dana Hanson had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with

Plaintiff's Employment with Stingers Double D, L.L.C. In any event, at all relevant times, Defendant Dana Hanson was an employer subject to the FLSA and employed Plaintiffs.

9.      Upon information and belief, Defendant Dana Hanson was and continues to be a resident of Maricopa County, Arizona.

10.     Defendant Dale Hanson and Defendant Dana Hanson are spouses who are married. Defendants Dale Hanson and Dana Hanson have caused events to take place giving rise to this Complaint to which their marital community is fully liable.

11.     At all relevant times, Plaintiffs were "employees" of Stingers Double D, L.L.C, Dale Hanson, and Dana Hanson as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

12.     The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Stingers Double D, L.L.C., Dale Hanson, and Dana Hanson.

13.     At all relevant times, Stingers Double D, L.L.C., Dale Hanson, and Dana Hanson were and continue to be "employers" as defined by FLSA, 29 U.S.C. § 201, *et seq.*

14.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

15.     Plaintiff, in her work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

## NATURE OF THE CLAIM

16.     Defendants own and/or operate as Stingers Double D, L.L.C, an enterprise located in Maricopa County, Arizona.

17.     Plaintiff had worked as a tipped employee for Defendants in Maricopa County, Arizona for approximately four months.

-4-

18.     Plaintiff was hired on approximately January 1, 2013 and ceased employment with Defendants approximately July 31, 2014.

19.     Pursuant to the FLSA, 29 U.S.C. § 203(m), and Arizona wage and hour law, employers may impose a tip credit on their tipped employees' wages of up to $3.00 per hour, on the condition that, among other requirements, such employees have been informed by the employer of the provisions of 29 U.S.C. § 203(m).

20.     Defendants failed to inform Plaintiff of the provisions of 29 U.S.C. § 203(m) at any time over the duration of their employment with Defendants. As such, Defendants were not entitled to impose any tip credit upon Plaintiff's wages, and Defendants should have therefore paid the full Arizona minimum wage to Plaintiffs for all time Plaintiffs worked during the course of their regular 40-hour workweeks.

21.     As such, full minimum wage for such time is owed to Plaintiff for the entire time she was employed by Defendants.

22.     For the entire duration of Plaintiff Nicole Spreitzer's employment with Defendants, Defendants had a consistent policy and practice of requiring its employees to work well in excess of forty (40) hours per week without paying them time and a half for hours worked over forty (40) hours per week.

23.     As a result of Defendants' failure to pay time and a half to Plaintiff for hours worked over forty (40) hours per week, Defendants violated 29 U.S.C. § 207(a).

24.     As such, Defendants must pay Plaintiff one-and-one-half times her regular rate of pay for work she performed for Defendants in excess of her regular 40-hour workweek.

25.     Plaintiff is covered employees within the meaning of the Fair Labor Standards Act ("FLSA").

26.     Plaintiff was a non-exempt employee.

27.     Defendants refused and/or failed to properly disclose to or apprise Plaintiff of her rights under the FLSA.

28.     Defendants engaged in the regular practice of willfully failing to pay Plaintiff the applicable minimum wage for all time that Defendants suffered or permitted Plaintiff to work.

29.     As a result of Defendants' willful failure to pay Plaintiff the applicable minimum wage for all time worked, Defendants paid Plaintiff less than the applicable minimum wage rate for such work that Plaintiff performed over the course of Plaintiff's regular workweeks.

30.     Defendants engaged in the regular practice of failing to accurately, if at all, record the time during which Defendants suffered or permitted Plaintiff to work. As such, Plaintiff's time records, if in existence, understate the duration of time each workweek that Defendants suffered or permitted Plaintiff to work.

31.     As a result of Defendants' willful failure to compensate Plaintiff the applicable minimum wage rate for such hours worked, Defendants have violated 29 U.S.C. § 206(a).

32.     Defendants knew that – or acted with reckless disregard as to whether – their failure to pay to Plaintiff the applicable minimum wage for all time the Defendants suffered or permitted Plaintiff to work, would violate federal and state law, and Defendants were

aware of the FLSA minimum wage requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

33.     Plaintiff's counsel conferred on multiple occasions with Defendants' counsel prior to filing this Complaint. In some of such conferrals, and in order to attempt to find a pre-litigation resolution to this matter, and in the event that the violations alleged within this Complaint are determined not to have been willful, Defendants, through counsel, agreed to a tolling the regular statute of limitations at April 27, 2013.

34.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiffs' work and wages at all relevant times.

35.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

36.     Plaintiff has retained The Bendau Law Firm, PLLC to represent her in this litigation and has agreed to pay a reasonable fee for the services rendered in the prosecution of this action on her behalf.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PROVIDE NOTICE OF TIP CREDIT TO PLAINTIFFS

37.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

38.     Defendants intentionally failed and/or refused to inform Plaintiff of the provisions of the "tip credit" and 29 U.S.C. § 203(m) and its supporting regulations.

39.     Defendants intentionally failed and/or refused to pay Plaintiff the full minimum wage according to the provisions of the FLSA for each and every workweek that Plaintiff worked for Defendants, for the duration of her employment, in violation of 29 U.S.C. § 206(a).

40.     As such, full applicable minimum wage for such time Plaintiff worked is owed to Plaintiff for the entire time she were employed by Defendants.

41.      Defendants knew that – or acted with reckless disregard as to whether – their failure to pay to Plaintiff the full minimum wage over the course of their employment would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

42.     Plaintiff is therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Nicole Spreitzer, individually, respectfully requests that this Court grant relief in Plaintiff's favor, and against Defendants Stingers Double D, L.L.C., Dale Hanson, and Dana Hanson for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorney fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT TWO: FAIR LABOR STANDARDS ACT
## FAILURE AND/OR REFUSAL TO PAY OVERTIME

COMES NOW, Plaintiff, Nicole Spreitzer, individually, stating:

-8-

43.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

44.     At all relevant times, Defendants have been and continue to be employers and enterprise engaged in commerce or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 203(d) and (s), respectively.

45.     At all relevant times, Defendants employed Plaintiff, and she was employed by Defendants, within the meaning of the FLSA, 29 U.S.C. §§ 203(e) and (g), respectively.

46.     While employed by Defendants, Plaintiff regularly and consistently worked multiple hours of overtime per week, and Defendants did not pay to Plaintiff one-and-one-half times her regular rate of pay.

47.     As a result, Defendants have intentionally failed and/or refused to pay Plaintiff overtime according to the provisions of the FLSA.

48.     Defendants further have engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff in accordance with 29 U.S.C. § 207.

49.     For example, during the workweek beginning August 15, 2013, Plaintiff was scheduled, and worked, for more than 40 hours. Defendant failed and/or refused to compensate Plaintiff at one-and-one-half times her regular rate of pay for all time she worked in excess of forty (40) hours.

50.     Plaintiff believes and therefore avers that Defendants owe her similar unpaid overtime wages for all other pay periods for the duration of her employment.

51.     Additionally, while employed by Defendants, Defendants regularly and consistently suffered or permitted Plaintiff to work overtime hours outside of normal business hours and on weekends, yet Defendants did not pay Plaintiff any wage whatsoever for such time she worked. As a result, Defendants additionally failed or refused to compensate Plaintiff one-and-one-half times her regular rate of pay for hours she worked outside of normal business hours and on weekends.

52.     As a result, Defendants have intentionally failed and/or refused to pay Plaintiff overtime according to the provisions of the FLSA.

53.     Although at this stage, Plaintiff is unable to state the exact amount owed for all time worked during the course of her employment, Plaintiff believes that such information will become available during the course of discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

54.     Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff over the course of her employment would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

55.     Defendants have and continue to willfully violate the FLSA by not paying Plaintiff a wage equal to one and one half times Plaintiff's regular rate of pay for all time spent performing labor for Defendants in excess of her regular 40-hour workweek.

-10-

56.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

57.     Plaintiff, in her work for Defendant, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

58.     As a result of Defendants failure or refusal to pay Plaintiff a wage equal to one and one half times Plaintiff's regular rate of pay for work she performed for Defendants in excess of her regular 40-hour workweek, Defendants violated 29 U.S.C. § 207(a). Plaintiff is therefore entitled to compensation of one-and-one-half times her regular rate of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Nicole Spreitzer, individually, respectfully requests that this Court grant relief in Plaintiff's favor, and against Defendants Stingers Double D, L.L.C., Dale Hanson, and Dana Hanson for overtime compensation in the amount due to her for all of Plaintiff's time worked in excess of forty (40) hours per work week at an amount equal to one-and-one-half times Plaintiff's regular rate while working for Defendants, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorney fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT THREE: FAIR LABOR STANDARDS ACT
## REQUIREMENT TO REIMBURSE WALKOUTS AND REGISTERS
## SHORTAGES

COMES NOW, Plaintiff, Nicole Spreitzer, individually, stating:

59.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs

60.     While Defendants employed Plaintiff, Defendant had a policy requiring its employees to reimburse Defendant for walkouts, register shortages, and breakage from their own tips and other earned wages.

61.     Plaintiff was subject to this policy each and every workweek she was employed by Defendants.

62.     In a given workweek, Defendant required Plaintiff to pay for walkouts, register shortages, and breakage, despite being paid at the tip credit rate. As a result, Plaintiff's wage feel below the tip credit rate.

63.     As a result, Defendants disallowed entirely from taking the tip credit and Plaintiff is entitled to full minimum wage for all time worked.

**WHEREFORE**, Plaintiff, Nicole Spreitzer, individually, respectfully requests that this Court grant relief in Plaintiff's favor, and against Defendants Stingers Double D, L.L.C., Dale Hanson, and Dana Hanson for unpaid minimum wages while working for Defendants, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorney fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## **JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 6th Day of August, 2015.

THE BENDAU LAW FIRM, PLLC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II
Attorney for Plaintiff

-13-